**Ex parte Larry Stewart DEAN.**

No. 16461.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 26, 1974.

William A. Goldapp, Houston, for relator.

Foreman & DeGuerin, Dick DeGuerin, Houston, for respondent.

PEDEN, Justice.

Larry Stewart Dean petitioned this Court for a writ of habeas corpus. Mr. Dean had been ordered by the Court of Domestic Relations # 5 of Harris County to pay $1000. per month in combined alimony and child support during the pendency of the divorce suit. On November 6, 1974, he was found guilty of contempt of court for his failure and refusal to make child support payments which were in arrears in the amount of $1,600. The order of confinement read:

" . . . and his punishment for such contempt is here fixed at confinement in the county jail of Harris County, Texas, for a period of thirty days or until he shall have purged himself of said contempt by paying to the Harris County Probation Department the sum of $1600 as child support for his minor child and all costs of court accrued herein; and upon such payment, or after 30 days, said Larry Stewart Dean shall be released from custody. If he serves the full thirty (30) days said sum of $1600 shall be deemed discharged."

Section 2(a) of Article 1911a, Vernon's Ann.Texas Civil Statutes, provides:

"Every court other than a justice court or municipal court may punish by a fine of not more than $500, or by confinement in the county jail for not more than six months, or both, any person guilty of contempt of court."

Section 3 of Art. 1911a states "Nothing in this Act affects a court's power to confine a contemner in order to compel him to obey a court order."

Under present law, Art. 1911a, the trial court was authorized to issue a contempt order which was punitive in nature and which provided for confinement for as long as six months, provided the contemner had voluntarily and contemptuously brought upon himself the disability to obey a decree of the court, notwithstanding his inability, at the time of the contempt decree, to perform. Under the earlier statute, Article 1911, a punitive sanction of this type was limited to confinement for three days and

a fine of $100. Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145 (1948).

In our case the trial judge was entitled to conclude from the evidence that prior to the time he was found in contempt the relator had been able to make one or more delinquent installment payments, so the trial court did not err in assessing a *punitive* sanction of 30 days' confinement in jail.

█ It is not within the power of the court to impose a *coercive* sanction which would imprison one for an indefinite period for an offense already committed where it is not within the power of the contemner to perform the act which alone would purge him of contempt. Ex parte De Wees, supra.

█ Even if we were to consider only the coercive aspect of the sanction of 30 days' confinement imposed in our case, habeas corpus is a collateral attack on the contempt decree and the relator is entitled to relief only if he shows that it was void; this he may do by establishing his involuntary inability to perform. Ex parte J. H. Townsley, 297 S.W.2d 111 (Tex.1956).

Mr. Dean testified that he has no funds available with which to satisfy the trial court's order, but about a year before the contempt hearing he signed a financial statement showing his net worth at $290,000 and his annual income at $32,000; he was able to pay $2,500 in attorney's fees, to pay the balance on accounts at several stores, and returned $2,300 of $10,000 which he borrowed from his father to pay off his debts including child support. The record does not show that Mr. Dean was or is unable to pay the $1600.

█ We hold that the judgment of contempt is not void. We order the relator remanded to the custody of the Sheriff of Harris County, Texas, until he purges himself of contempt by paying $1600 to the Harris County Probation Department or by serving the remainder of his 30 day sentence.