**In re Daniel J. ESTRELLO.**

**No. 09–03–403 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 15, 2003.

Decided March 4, 2004.

Ronnie Cohee, Beaumont, for relator.

Richard J. Clarkson, Beaumont, Elizabeth C. Petit, Peterson, Petit & Peterson, LLP, Beaumont, for real parties in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Relator, Daniel J. Estrello, challenges the trial court's order of August 29, 2003, finding him in contempt, revoking suspension of commitment, and committing him to jail. In four issues, Estrello asserts his due process rights have been violated. On September 2, 2003, we issued an order setting bond of $500.

In 1999, the trial court granted Patricia Billeaud and Dale Billeaud access to their grandchildren, M.D.E., D.J.E., and D.R.E. On December 12, 2000, the trial court entered an order of enforcement by contempt and suspension of commitment. That order found Estrello had violated the provisions of the 1999 judgment by denying access to one or more of the children on nine separate dates between March 10, 2000, and October 14, 2000. The trial court held Estrello in criminal contempt for each separate violation and assessed as punishment concurrent thirty-day periods of confinement in the county jail. The trial court then suspended the commitment and placed Estrello on probation for five years. Community supervision was conditioned upon Estrello abiding by the previous court order and allowing the grandparents' court-ordered possession, and upon his paying the Billeauds' attorney $2,800 in attorney fees on or before February 16, 2001.

On August 29, 2003, the trial court entered an order titled "Order Revoking Suspension and For Commitment to County Jail." The trial court found Estrello failed to comply with the terms of the suspension of commitment in that he either denied possession of or failed and refused to release one or more of the children to the Billeauds on six separate dates between April 2, 2003, and August 6, 2003. The trial court also found Estrello failed and refused to pay the Billeauds' attorney the total amount of attorney's fees that were due on February 16, 2001. The trial court found "that at the time of this hearing Respondent is able to comply." The trial court revoked the suspension of commitment, and ordered Estrello to pay attorney's fees of $2,187 and costs of $91 to the Billeauds' attorney. The separate commitment order ordered the Sheriff of Jefferson County to commit Estrello to the county correctional facility "pursuant to the order Revoking Suspension and for commitment signed simultaneously."

■ The first two issues challenge the revocation order and commitment. Issue one contends:

The Order Revoking Suspension and for Commitment to County Jail entered and signed by the Court on August 29, 2003 is unconstitutional, and thus void as to the Trial Court's order that Relator be confined until he pays $2,800.00 in attorney fees as this was not a proceeding for the enforcement of child support payments, and as Relator had not previously been held in contempt for failing to pay these amounts.

■ An original habeas corpus proceeding is a collateral attack on a contempt judgment, designed not to determine the guilt of the contemnor, but to determine whether he was afforded due process of law or if the order of contempt was void. *See In re Broussard,* 112 S.W.3d 827, 831

(Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). Estrello contends the contempt order is void because it violates the State constitutional prohibition against imprisonment for debt. *See* Tex. Const. Art. I, § 18. The Billeauds contend the trial judge is authorized to confine Estrello because he has the ability to pay. The Billeauds' authority for that proposition, *Ex parte Dean,* 517 S.W.2d 365, 366 (Tex.Civ. App.-Houston [1st Dist.] 1974, orig. proceeding), concerned application of the general contempt statute to enforcement of a child support order.[1] *Id.* The taxing of attorney fees in an action for child support is authorized by the Family Code, and the resulting obligation has long been recognized to fall outside of the constitutional prohibition of imprisonment for debt. *See Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 188 (1953); Tex. Fam.Code Ann. §§ 157.167 (Vernon 2002). Beyond that narrow exception, our law does not allow collection of attorney fees by contempt proceedings. *In re Wiese,* 1 S.W.3d 246, 251 (Tex.App.-Corpus Christi 1999, orig. proceeding). Even a willful failure to comply with an order to pay a debt is not contempt punishable by imprisonment because of the prohibition of Article I, § 18 of the Texas Constitution. *See Ex parte Hall,* 854 S.W.2d 656, 658 (Tex.1993). This is a proceeding to enforce grandparent access, not an action for support. Therefore, the trial court does not possess the power to enforce the payment of attorney fees through contempt. This portion of issue one is sustained.

■ The remaining part of issue one, which complains that Estrello has been confined without previously being held in contempt for failing to pay attorney fees, overlaps Estrello's second issue. Issue two contends:

> The Order Revoking Suspension and for Commitment to County Jail entered and signed by the Court on August 29, 2003 is void because the six (6) violations on which the Relator's commitment is based for criminal contempt, and the payment of attorney fees on which the civil contempt is based, are not ones for which he has been [sic] previously been held in contempt.

The August 29, 2003 order contains the pertinent following language:

> *Revocation*
>
> IT IS ADJUDGED that Respondent has failed to comply with the terms and conditions of suspension of commitment as enumerated above. IT IS ORDERED that suspension of commitment of Respondent is revoked.
>
> . . . .
>
> *Commitment*
>
> IT IS ORDERED that Respondent, DANIEL J. ESTRELLO, is committed to the custody of the sheriff of JEFFERSON County, Texas to be confined for a period of nineteen (19) days for the six (6) violations enumerated above and then for so long thereafter. . . .

Estrello relies upon *In re Patillo,* 32 S.W.3d 907 (Tex.App.-Corpus Christi 2000, orig. proceeding), for the proposition or fact that Patillo had been committed to jail for items for which he had not been found in contempt. The court in *Patillo* acknowledged:

> The law is well settled that due process requires a court, before imprisoning a person for violating an earlier order, to sign both a written judgment or order of contempt and a written commitment or-

---

1. The modern version of the statute is located in the Government Code. *See* Tex. Gov't Code Ann. §§ 21.001–.002 (Vernon Supp.2004).

der. *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex.1997). The contempt order must clearly state in what respect the court's earlier order has been violated and must clearly specify the punishment imposed by the court. *Id.* A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *Ex parte Hernandez*, 827 S.W.2d 858 (Tex.1992). The form of a commitment order is not important, but the substance of one is. *Id.*

*Id.* at 908–909.

The court went on to find the sentence of ninety days in the original contempt order to be invalid. *Id.* at 909. The court then reviewed Patillo's commitment order. Here they held the ninety days' commitment for the child support payments of May and June of 1999 was invalid because he had not been held in contempt for those payments. However, the *Patillo* court struck that portion of the commitment order to make it conform with the contempt order. Therefore under the *Patillo* rationale, this court could simply strike the offending portion: "nineteen (19) days for the six (6) violations enumerated" thereby reforming and leaving the revocation of the suspended contempt intact.[2]

Instead, we should approach these matters with common sense and pragmatism. Since the form of a commitment order is not important and this is a combined order, they should be read in concert. No one can seriously argue that Estrello has been denied any due process rights. He was given specific notice of the alleged violations both in 2000 and 2003. He was given the opportunity to be present and to be heard. The proof was evident (and apparently unchallenged) on each occasion. Consequently, we deny the remaining portion of issue one and issue two.

■ Estrello's petition combines his remaining issues in a single argument. Issue three contends the underlying visitation orders sought to be enforced were not definite and certain enough to be enforced by contempt. Issue four contends the contempt order was too indefinite to adequately advise Estrello of the actions he must take to purge himself of the contempt.

■ The Billeauds argue that Estrello failed to preserve error by bringing his claim of constitutional error to the attention of the trial court. The case cited as authority for this proposition concerns due process in the acquisition of an affidavit for relinquishment of parental rights, not contempt. *See Interest of L.M.I.*, 119 S.W.3d 707 (Tex.2003).[3] A contempt order is void if it is beyond the power of the court to enter it, or if it deprives the

---

2. This would have Estrello serving ninety days instead of nineteen.

3. The Billeauds characterize the relator's invocation of due process as a "palladium of his liberty" that he lost by failing to invoke it in the trial court. They attribute the phrase to Twain. Actually, the palladium derives from Greek mythology. Odysseus instigated the theft of a statue of Athena because an oracle foretold that the walls of Troy could not be breached while the statue remained upon the Trojan citadel. Robert Graves, 2 The Greek Myths § 166.*h* (Penguin 1955). The Billeauds insinuate that fundamental protections afford-

ed an accused person may be purloined during a lapse in vigilance. The purpose of the writ of habeas corpus is to test legality of confinement. A particular complaint may not be cognizable in habeas corpus, but the right to file the writ is not invariably lost through ordinary procedural default. The relator's petition cites precedent for granting relief and the Billeauds present no case authority to support their argument that the particular issues raised by Estrello are not cognizable in habeas corpus in the absence of a trial objection.

relator of liberty without due process of law. *See Ex parte Barlow*, 899 S.W.2d 791, 794 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding). A contempt judgment and commitment issued without due process is void, not merely erroneous. *See Ex parte Swate*, 922 S.W.2d 122, 124–25 (Tex.1996). The terms of compliance of a court order must be clear, specific and unambiguous, or the order will not be enforceable through contempt. *See Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). If the underlying order is susceptible to more than one interpretation, the ensuing contempt judgment will be void. *See In re Houston*, 92 S.W.3d 870, 877 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding). Therefore, we must determine whether the particular order being enforced is sufficiently specific for Estrello to readily know what he must do to comply with the court's decree.

The word "Friday" was omitted from the original decree, which provided that the Billeauds shall have possession of the children "On the second weekend of each month from the time school is dismissed or in the event that school is not in session, from 3:00 p.m. until the following Monday at 8:00 a.m. when the children shall be returned to school or to the residence of DANIEL ESTRELLO, as appropriate." The following sentence promptly clarifies the matter, by stating that "if a weekend period of possession by the Petitioners' begins on a Friday that is a school holiday ... that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the Friday holiday...." The days of the week are not susceptible to more than one interpretation. The decree clearly informs Estrello that the grandparents' access period normally commences on Friday. The order permits Estrello to surrender the children at either their school or home, but clearly

states he must do so at one place or the other. Issue three is overruled.

■ In his argument of his fourth issue, Estrello challenges the part of the probation order commanding that "Patricia and/or Dale Billeaud shall be allowed to pick the children up from school and return to school for their designated weekend possession periods." Estrello does not complain the trial court improperly modified its prior order; he argues only that the order is too ambiguous. We find the order to be clear, specific, and unambiguous, so that Estrello will readily know what he must do to comply with the court's decree. Issue four is overruled.

We deny the petition for writ of habeas corpus, revoke our previous bond and order the relator Daniel J. Estrello remanded to the custody of the Sheriff of Jefferson County to continue to serve his nineteen (19) day sentence.

WRIT DENIED.

McKEITHEN, Chief Justice, filed a dissenting opinion.

STEVE McKEITHEN, Chief Justice, dissenting.

I join the Court's opinion on the first part of issue one and all of issues three and four. I dissent to the majority opinion on the second part of issue one and all of issue two. The majority ignores the plain language in the trial court's order. There is only one judgment of contempt in this case. The trial judgment adjudged Estrello to be in criminal contempt for violating the grandparent access order on nine separate dates: March 10, 2000, April 14, 2000, May 12, 2000, June 9, 2000, July 3, 2000, July 10, 2000, August 18, 2000, September 8, 2000, and October 13, 2000. For that contempt Estrello received nine separate sentences of thirty days of confine-

ment in the county jail. Without identifying any act of continuing contempt, that same judgment adjudged Estrello to be in civil contempt and ordered him to be confined in the county jail "until Respondent has complied with the orders contained herein." The trial court assessed attorney fees of $2,800 against Estrello.

The 2003 order is a revocation order combined with a commitment order, not a contempt judgment. The order states that Estrello violated the terms of the suspension of commitment on six separate dates: April 2, 2003, May 9, 2003, June 18, 2003, July 1, 2003, July 16, 2003, and August 6, 2003. Obviously, all of these dates describe conduct occurring after the date of the contempt judgment. The trial court assesses an additional $2,187 in attorney fees against Estrello, and revokes the suspension of commitment from 2000.

Here is where the majority, in its self-proclaimed pragmatism, departs from reality. With the handwritten portions appearing in italic script, the commitment order states the following:

> IT IS ORDERED that Respondent, DANIEL J. ESTRELLO, is committed to the custody of the sheriff of JEFFERSON County, Texas, to be confined for a period of *nineteen (19)* ~~thirty~~ days, *for the six (6) violations enumerated above* ~~as ordered by the order suspending commitment,~~ *and then for so long thereafter* until Respondent has complied with the following terms and conditions: *(1) payment of $2800.00 attorneys fees to [the Billeauds' attorney] for attorneys fees previously assessed* ~~and~~ *pursuant to the Order of December 12, 2000* ~~pursuant to the~~ *which included and is pursuant to the civil commitment contained therein.*

This language clearly and unequivocally assessed a new nineteen day sentence of confinement for the violations of April 2,

2003, May 9, 2003, June 18, 2003, July 1, 2003, July 16, 2003, and August 6, 2003. Estrello was not and never has been adjudged to be in contempt for denying the Billeauds access to D.J.E. or D.R.E. on April 2, 2003, May 9, 2003, June 18, 2003, July 1, 2003, July 16, 2003, and August 6, 2003. By committing Estrello to the custody of the county sheriff for nineteen days for six violations of an order for which Estrello has never been adjudged in criminal contempt, the trial court deprived the relator of due process. The civil contempt is also based on the relator's failure to comply with an order that did not exist prior to the judgment.

I see no valid ground for distinguishing the holdings of *Patillo:* (1) that a commitment order may not impose a greater sentence than was imposed in the contempt judgment; and (2) a contemnor's post-contempt conduct cannot be used to subject him to additional punishment. *Ex parte Patillo,* 32 S.W.3d 907, 910–11 (Tex.App.-Corpus Christi 2000, orig. proceeding). The trial court did not reduce Estrello's sentence from nine concurrent thirty day to six concurrent nineteen day confinements, and we should not pretend that it did. Common sense cannot justify this unconstitutional deprivation of the relator's liberty.