In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-403 CV


____________________



IN RE DANIEL J. ESTRELLO







Original Proceeding






OPINION


 Relator, Daniel J. Estrello, challenges the trial court's order of August 29, 2003,
finding him in contempt, revoking suspension of commitment, and committing him to jail. 
In four issues, Estrello asserts his due process rights have been violated. On September
2, 2003, we issued an order setting bond of $500. 

 In 1999, the trial court granted Patricia Billeaud and Dale Billeaud access to their
grandchildren, M.D.E., D.J.E., and D.R.E. On December 12, 2000, the trial court
entered an order of enforcement by contempt and suspension of commitment. That order
found Estrello had violated the provisions of the 1999 judgment by denying access to one
or more of the children on nine separate dates between March 10, 2000, and October 14,
2000. The trial court held Estrello in criminal contempt for each separate violation and
assessed as punishment concurrent thirty-day periods of confinement in the county jail. 
The trial court then suspended the commitment and placed Estrello on probation for five
years. Community supervision was conditioned upon Estrello abiding by the previous
court order and allowing the grandparents' court-ordered possession, and upon his paying
the Billeauds' attorney $2,800 in attorney fees on or before February 16, 2001. 

 On August 29, 2003, the trial court entered an order titled "Order Revoking
Suspension and For Commitment to County Jail." The trial court found Estrello failed to
comply with the terms of the suspension of commitment in that he either denied possession
of or failed and refused to release one or more of the children to the Billeauds on six
separate dates between April 2, 2003, and August 6, 2003. The trial court also found
Estrello failed and refused to pay the Billeauds' attorney the total amount of attorney's fees
that were due on February 16, 2001. The trial court found "that at the time of this hearing
Respondent is able to comply." The trial court revoked the suspension of commitment,
and ordered Estrello to pay attorney's fees of $2,187 and costs of $91 to the Billeauds'
attorney. The separate commitment order ordered the Sheriff of Jefferson County to
commit Estrello to the county correctional facility "pursuant to the order Revoking
Suspension and for commitment signed simultaneously." 

 The first two issues challenge the revocation order and commitment. Issue one
contends: 

 The Order Revoking Suspension and for Commitment to County Jail
entered and signed by the Court on August 29, 2003 is unconstitutional, and
thus void as to the Trial Court's order that Relator be confined until he pays
$2,800.00 in attorney fees as this was not a proceeding for the enforcement
of child support payments, and as Relator had not previously been held in
contempt for failing to pay these amounts. 


 An original habeas corpus proceeding is a collateral attack on a contempt judgment,
designed not to determine the guilt of the contemnor, but to determine whether he was
afforded due process of law or if the order of contempt was void. See In re Broussard,
112 S.W.3d 827, 831 (Tex. App.--Houston [14th Dist.] 2003, orig. proceeding). Estrello
contends the contempt order is void because it violates the State constitutional prohibition
against imprisonment for debt. See Tex. Const. Art. I, § 18. The Billeauds contend the
trial judge is authorized to confine Estrello because he has the ability to pay. The
Billeauds' authority for that proposition, Ex parte Dean, 517 S.W.2d 365, 366 (Tex. Civ.
App.--Houston [1st Dist.] 1974, orig. proceeding), concerned application of the general
contempt statute to enforcement of a child support order. (1) Id. The taxing of attorney fees
in an action for chid support is authorized by the Family Code, and the resulting obligation
has long been recognized to fall outside of the constitutional prohibition of imprisonment
for debt. See Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184, 188 (1953); Tex. Fam.
Code Ann. §§ 157.167 (Vernon 2002). Beyond that narrow exception, our law does not
allow collection of attorney fees by contempt proceedings. In re Wiese, 1 S.W.3d 246,
251 (Tex. App.--Corpus Christi 1999, orig. proceeding). Even a willful failure to comply
with an order to pay a debt is not contempt punishable by imprisonment because of the
prohibition of Article I, § 18 of the Texas Constitution. See Ex parte Hall, 854 S.W.2d
656, 658 (Tex. 1993). This is a proceeding to enforce grandparent access, not an action
for support. Therefore, the trial court does not possess the power to enforce the payment
of attorney fees through contempt. This portion of issue one is sustained.

 The remaining part of issue one, which complains that Estrello has been confined
without previously being held in contempt for failing to pay attorney fees, overlaps
Estrello's second issue. Issue two contends: 

 The Order Revoking Suspension and for Commitment to County Jail
entered and signed by the Court on August 29, 2003 is void because the six
(6) violations on which the Relator's commitment is based for criminal
contempt, and the payment of attorney fees on which the civil contempt is
based, are not ones for which he has been [sic] previously been held in
contempt. 


 The August 29, 2003 order contains the pertinent following language:

 Revocation 

 IT IS ADJUDGED that Respondent has failed to comply with the terms
and conditions of suspension of commitment as enumerated above. IT IS
ORDERED that suspension of commitment of Respondent is revoked.


 . . . .


 Commitment

 IT IS ORDERED that Respondent, DANIEL J. ESTRELLO, is
committed to the custody of the sheriff of JEFFERSON County, Texas to be
confined for a period of nineteen (19) days for the six (6) violations
enumerated above and then for so long thereafter. . . .


 Estrello relies upon In re Patillo, 32 S.W.3d 907 (Tex. App.--Corpus Christi 2000,
orig. proceeding), for the proposition or fact that Patillo had been committed to jail for items
for which he had not been found in contempt. The court in Patillo acknowledged:

 The law is well settled that due process requires a court, before imprisoning a
person for violating an earlier order, to sign both a written judgment or order
of contempt and a written commitment order. Ex parte Shaklee, 939 S.W.2d
144, 145 (Tex. 1997). The contempt order must clearly state in what respect
the court's earlier order has been violated and must clearly specify the
punishment imposed by the court. Id. A commitment order is the warrant,
process, or order by which a court directs a ministerial officer to take custody
of a person. Ex parte Hernandez, 827 S.W.2d 858 (Tex. 1992). The form of
a commitment order is not important, but the substance of one is. Id.


Id. at 908-909.


 The court went on to find the sentence of ninety days in the original contempt order
to be invalid. Id. at 909. The court then reviewed Patillo's commitment order. Here they
held the ninety days' commitment for the child support payments of May and June of 1999
was invalid because he had not been held in contempt for those payments. However, the
Patillo court struck that portion of the commitment order to make it conform with the
contempt order. Therefore under the Patillo rationale, this court could simply strike the
offending portion: "nineteen (19) days for the six (6) violations enumerated" thereby
reforming and leaving the revocation of the suspended contempt intact. (2) 

 Instead, we should approach these matters with common sense and pragmatism. Since
the form of a commitment order is not important and this is a combined order, they should
be read in concert. No one can seriously argue that Estrello has been denied any due process
rights. He was given specific notice of the alleged violations both in 2000 and 2003. He was
given the opportunity to be present and to be heard. The proof was evident (and apparently
unchallenged) on each occasion. Consequently, we deny the remaining portion of issue one
and issue two.

 Estrello's petition combines his remaining issues in a single argument. Issue three
contends the underlying visitation orders sought to be enforced were not definite and
certain enough to be enforced by contempt. Issue four contends the contempt order was
too indefinite to adequately advise Estrello of the actions he must take to purge himself of
the contempt. 

 The Billeauds argue that Estrello failed to preserve error by bringing his claim of
constitutional error to the attention of the trial court. The case cited as authority for this
proposition concerns due process in the acquisition of an affidavit for relinquishment of
parental rights, not contempt. See Interest of L.M.I., No. 02-0244, 2003 WL 22145240
(Tex. Sept. 18, 2003). (3) A contempt order is void if it is beyond the power of the court to
enter it, or if it deprives the relator of liberty without due process of law. See Ex parte
Barlow, 899 S.W.2d 791, 794 (Tex. App.--Houston [14th Dist.] 1995, orig. proceeding). 
A contempt judgment and commitment issued without due process is void, not merely
erroneous. See Ex parte Swate, 922 S.W.2d 122, 124-25 (Tex. 1996). The terms of
compliance of a court order must be clear, specific and unambiguous, or the order will not
be enforceable through contempt. See Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967). 
If the underlying order is susceptible to more than one interpretation, the ensuing contempt
judgment will be void. See In re Houston, 92 S.W.3d 870, 877 (Tex. App.--Houston
[14th Dist.] 2002, orig. proceeding). Therefore, we must determine whether the
particular order being enforced is sufficiently specific for Estrello to readily know what
he must do to comply with the court's decree.

 The word "Friday" was omitted from the original decree, which provided that the
Billeauds shall have possession of the children "On the second weekend of each month
from the time school is dismissed or in the event that school is not in session, from 3:00
p.m. until the following Monday at 8:00 a.m. when the children shall be returned to school
or to the residence of DANIEL ESTRELLO, as appropriate." The following sentence
promptly clarifies the matter, by stating that "if a weekend period of possession by the
Petitioners' begins on a Friday that is a school holiday . . . that weekend period of
possession shall begin at the time the child's school is regularly dismissed on the Thursday
immediately preceding the Friday holiday . . .." The days of the week are not susceptible
to more than one interpretation. The decree clearly informs Estrello that the grandparents'
access period normally commences on Friday. The order permits Estrello to surrender the
children at either their school or home, but clearly states he must do so at one place or the
other. Issue three is overruled.

 In his argument of his fourth issue, Estrello challenges the part of the probation
order commanding that "Patricia and/or Dale Billeaud shall be allowed to pick the children
up from school and return to school for their designated weekend possession periods." 
Estrello does not complain the trial court improperly modified its prior order; he argues
only that the order is too ambiguous. We find the order to be clear, specific, and
unambiguous, so that Estrello will readily know what he must do to comply with the
court's decree. Issue four is overruled.

 We deny the petition for writ of habeas corpus, revoke our previous bond and order
the relator Daniel J. Estrello remanded to the custody of the Sheriff of Jefferson County
to continue to serve his nineteen (19) day sentence.

 WRIT DENIED.



 _____________________________

 DON BURGESS

 Justice

Submitted on October 15, 2003

Opinion Delivered March 4, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION



 I join the Court's opinion on the first part of issue one and all of issues three and
four. I dissent to the majority opinion on the second part of issue one and all of issue two. 
The majority ignores the plain language in the trial court's order. There is only one
judgment of contempt in this case. The trial judgment adjudged Estrello to be in criminal
contempt for violating the grandparent access order on nine separate dates: March 10,
2000, April 14, 2000, May 12, 2000, June 9, 2000, July 3, 2000, July 10, 2000, August
18, 2000, September 8, 2000, and October 13, 2000. For that contempt Estrello received
nine separate sentences of thirty days of confinement in the county jail. Without
identifying any act of continuing contempt, that same judgment adjudged Estrello to be in
civil contempt and ordered him to be confined in the county jail "until Respondent has
complied with the orders contained herein." The trial court assessed attorney fees of
$2,800 against Estrello. 

 The 2003 order is a revocation order combined with a commitment order, not a
contempt judgment. The order states that Estrello violated the terms of the suspension of
commitment on six separate dates: April 2, 2003, May 9, 2003, June 18, 2003, July 1,
2003, July 16, 2003, and August 6, 2003. Obviously, all of these dates describe conduct
occurring after the date of the contempt judgment. The trial court assesses an additional
$2,187 in attorney fees against Estrello, and revokes the suspension of commitment from
2000. 

 Here is where the majority, in its self-proclaimed pragmatism, departs from reality. 
With the handwritten portions appearing in italic script, the commitment order states the
following:

 IT IS ORDERED that Respondent, DANIEL J. ESTRELLO, is
committed to the custody of the sheriff of JEFFERSON County, Texas, to
be confined for a period of nineteen (19) thirty days, for the six (6) violations
enumerated above as ordered by the order suspending commitment, and then
for so long thereafter until Respondent has complied with the following
terms and conditions: (1) payment of $2800.00 attorneys fees to [the
Billeauds' attorney] for attorneys fees previously assessed and pursuant to
the Order of December 12, 2000 pursuant to the which included and is
pursuant to the civil commitment contained therein. 


 This language clearly and unequivocally assessed a new nineteen day sentence of
confinement for the violations of April 2, 2003, May 9, 2003, June 18, 2003, July 1,
2003, July 16, 2003, and August 6, 2003. Estrello was not and never has been adjudged
to be in contempt for denying the Billeauds access to D.J.E. or D.R.E. on April 2, 2003,
May 9, 2003, June 18, 2003, July 1, 2003, July 16, 2003, and August 6, 2003. By
committing Estrello to the custody of the county sheriff for nineteen days for six violations
of an order for which Estrello has never been adjudged in criminal contempt, the trial court
deprived the relator of due process. The civil contempt is also based on the relator's
failure to comply with an order that did not exist prior to the judgment.

 I see no valid ground for distinguishing the holdings of Patillo:  (1) that a
commitment order may not impose a greater sentence than was imposed in the contempt
judgment; and (2) a contemnor's post-contempt conduct cannot be used to subject him to
additional punishment. Ex parte Patillo, 32 S.W.3d 907, 910-11 (Tex. App.--Corpus
Christi 2000, orig. proceeding). The trial court did not reduce Estrello's sentence from
nine concurrent thirty day to six concurrent nineteen day confinements, and we should not
pretend that it did. Common sense cannot justify this unconstitutional deprivation of the
relator's liberty. 



 ______________________________

 STEVE MCKEITHEN

 Chief Justice


Dissent Delivered 

March 4, 2004

1. The modern version of the statute is located in the Government Code. See Tex.
Gov't Code Ann. §§ 21.001-.002 (Vernon Supp. 2004). 
2. This would have Estrello serving ninety days instead of nineteen.
3. The Billeauds characterize the relator's invocation of due process as a "palladium
of his liberty" that he lost by failing to invoke it in the trial court. They attribute the phrase
to Twain. Actually, the palladium derives from Greek mythology. Odysseus instigated the
theft of a statue of Athena because an oracle foretold that the walls of Troy could not be
breached while the statue remained upon the Trojan citadel. Robert Graves, 2 The Greek
Myths § 166.h (Penguin 1955). The Billeauds insinuate that fundamental protections
afforded an accused person may be purloined during a lapse in vigilance. The purpose of the
writ of habeas corpus is to test legality of confinement. A particular complaint may not be
cognizable in habeas corpus, but the right to file the writ is not invariably lost through
ordinary procedural default. The relator's petition cites precedent for granting relief and the
Billeauds present no case authority to support their argument that the particular issues raised
by Estrello are not cognizable in habeas corpus in the absence of a trial objection.