NO. 07-08-0049-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2008

_____

IN THE INTEREST OF K.D.W. AND A.J.W., MINOR CHILDREN

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A320120202; HON. ROBERT W. KINKAID, JR., PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Damien Wiggs, appeals the trial court's order of contempt relating to Damien's failure to pay certain attorney's fees previously ordered by the trial court. We will reform the judgment and affirm as reformed.

Background

The trial court entered a final decree of divorce between Damien and Becky Wiggs on August 19, 2002. Becky filed a petition to enforce and for contempt on June 26, 2006,

alleging that Damien had violated the divorce decree. Becky requested an award of attorney's fees relating to this motion to enforce. After a hearing, the trial court entered an order finding Damien in contempt for engaging in conduct that violated the divorce decree, but the court suspended the 90 day criminal contempt sentence. As part of this order, the trial court awarded Becky $1,000 in attorney's fees and costs and ordered Damien to pay $50 per month toward this award until paid in full.

On July 2, 2007, Becky filed another petition to enforce and for contempt alleging, *inter alia*, that Damien had violated the divorce decree by failing to timely notify Becky of a change in his employment and had violated the enforcement order by failing to make payments as ordered toward the $1,000 award of attorney's fees. By her motion, Becky also alleged that Damien was in arrears on his child support payments and on his medical support payments that had been previously ordered by the trial court. After a hearing on the motion, the trial court found Damien in contempt for the two violations cited above and sentenced him to 10 days incarceration in the Hale County Jail. The trial court further found Damien in contempt for his failure to pay child support and suspended a 90 day criminal contempt sentence.

Damien appeals the trial court's contempt finding and sentence relating to his failure to timely pay attorney's fees ordered in relation to Becky's initial enforcement action. Damien presents three issues on appeal contending that the trial court erred (1) because the failure to pay attorney's fees violation was not supported by the evidence, (2) in sentencing Damien to incarceration for failure to pay attorney's fees, and (3) in not separating out the violations and punishments, thus, making the entire order void.

2

Evidentiary Sufficiency

Damien contends that the trial court's finding that he had violated the court's prior order by not paying attorney's fees as ordered was not supported by the evidence. Damien contends that the evidence proves that he had paid the attorney's fees in full prior to the filing of the second motion to enforce. We deem this issue to be a challenge to the legal and factual sufficiency of the court's contempt finding.

When making a legal sufficiency determination, we consider the evidence in the light most favorable to the court's finding to determine whether reasonable and fair-minded people could reach the same conclusion that the trial court reached. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). In considering whether the evidence is factually sufficient to support the finding, we consider all the evidence in a neutral light to determine whether the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).

In the present case, Damien testified and presented documentary evidence that he made payments toward the court's award of attorney's fees. However, the documentary evidence and Damien's testimony reflect that Damien paid only $850 of the $1,000 awarded to Becky in attorney's fees. Further, both the documentary evidence and the testimonial evidence show that Damien failed to make ordered payments in September, October, November, and December of 2006. Also, the evidence establishes that Damien did not make any payment in June of 2007. Thus, all of the evidence supports the trial court's finding that Damien violated the court's prior order awarding attorney's fees and,

thus, the evidence supporting the court's contempt finding is both legally and factually sufficient.

Incarceration for Failure to Pay Attorney's Fees

By his second issue, Damien contends that the trial court erred in ordering him incarcerated as punishment for his failure to pay attorney's fees that had been previously ordered by the court. Damien contends that the award of attorney's fees in this case constitutes a debt, which may not be enforced by contempt. See TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt."). Becky contends that the court's attorney's fee award was a sanction that was properly enforceable by contempt.

A trial court has broad discretion in enforcing its judgments. Ex parte Roan, 887 S.W.2d 462, 464 (Tex.App.–Dallas 1994, orig. proceeding). One means of enforcing its judgments is through orders of contempt. See TEX. GOV'T CODE ANN. § 21.002 (Vernon 2004). There are two forms of contempt that are distinguishable by the reasons for which they are imposed. Civil, or coercive, contempt confines a contemnor indefinitely until he complies with an affirmative command of the court. See In re Sheshtawy, 154 S.W.3d 114, 125-26 (Tex. 2004). Criminal, or punitive, contempt incarcerates a contemnor for a fixed term as punishment for a completed act of disobedience and cannot be avoided or abbreviated by later compliance with the court's order. Id. at 126.

In the present case, the court found Damien in contempt for failing to timely notify Becky of a change in employment and for failing to pay attorney's fees as ordered. The court then assessed punishment for these two violations at 10 days incarceration in the

4

county jail. Because the commitment did not provide Damien a means of avoiding or abbreviating the sentence, the court's order was a criminal contempt sanction. Thus, Damien was not sentenced to incarceration to compel payment of a debt, but rather as punishment for failing to obey an order of the court. See id.; In re Wiese, 1 S.W.3d 246, 248-49, 251 (Tex.App.–Corpus Christi 1999, orig. proceeding); Lyons v. State, 835 S.W.2d 715, 718 (Tex.App.–Texarkana 1992, writ ref'd).

However, even though the contempt was punitive, it was still premised upon Damien's failure to pay Becky's attorney's fees incurred in the prior enforcement action. Our law does not allow collection of attorney's fees by contempt proceedings.[1] In re Estrello, 130 S.W.3d 391, 394 (Tex.App.–Beaumont 2004, orig. proceeding); In re Wiese, 1 S.W.3d at 251; Ex parte Roan, 887 S.W.2d at 464. "The failure to comply with an order to pay a 'debt' is not contempt punishable by imprisonment because of the prohibition of article I, section 18 of the Texas Constitution. . . ."[2] Ex parte Hall, 854 S.W.2d 656, 658 (Tex. 1993) (emphasis added). A trial court's order to pay a debt is "unenforceable by confinement for criminal contempt because such confinement would amount to

[1] The taxing of attorney's fees in an action for child support is authorized by the Family Code and the resulting obligation has long been recognized to fall outside of the constitutional prohibition of imprisonment for debt. See TEX. FAM. CODE ANN. § 157.167(a) (Vernon Supp. 2008); Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184, 188 (1953). However, this exception is inapplicable to the present case as the court's award of attorney's fees did not relate to enforcement of support obligations.

[2] We note that, in Hall, the Court was addressing a civil contempt imprisonment and, as such, is factually distinguishable from the present case. However, we conclude that the Court's specific indication, even though dicta, that the failure to comply with a court's order to pay a debt is not punishable by imprisonment expressly prohibits imprisonment for criminal contempt when premised on the failure to pay a "debt." Ex parte Hall, 854 S.W.2d at 658. "The power to punish for contempt of court is one to be exercised with great caution." Ex parte Rogers, 633 S.W.2d 666, 671 (Tex.App.–Amarillo 1982, no writ).

5

imprisonment for debt in violation of . . . the Texas Constitution." In re McGonagill, No. 2-07-034-CV, 2007 Tex.App. LEXIS 1867, at *8-*9 (Tex.App.–Fort Worth March 5, 2007, orig. proceeding) (mem. op.). In fact, even a willful failure to comply with an order to pay a debt is not contempt punishable by imprisonment. In re Estrello, 130 S.W.3d at 394. Because the trial court did not have the authority to imprison Damien for his contemptuous act of failing to pay the attorney's fees that had been previously ordered, we sustain Damien's second issue.[3]

Validity of the Remaining Portions of the Order

By his third issue, Damien contends that, because the trial court's contempt order is void as to its incarceration of Damien relating to his failure to pay attorney's fees, the entire order is void and should be vacated by this court.

When one punishment is assessed for more than one act of contempt and one of the included acts is not punishable by contempt, the entire order is void. See Ex parte Davila, 718 S.W.2d 281, 282 (Tex. 1986). However, when the trial court lists each act of contempt separately and assesses a separate punishment for each, only the invalid portion of the order is void and the remainder of the contempt order is enforceable. In re Patillo, 32 S.W.3d 907, 909 (Tex.App.–Corpus Christi 2000, orig. proceeding); Ex parte Linder,

---

[3] We are aware of the holding of the Beaumont Court of Appeals in Ex parte Skero, affirming incarceration for contempt for failure to pay attorney fees. See Ex parte Skero, 253 S.W.3d 884, 887 (Tex.App.–Beaumont 2008, no pet.). However, the analysis in Skero clearly demonstrates that the underpinning for the decision is the statutory scheme established by Chapter 81 of the Texas Family Code, similar to the reasoning for allowing the collection and enforcement of attorney fees in a child support action. See TEX. FAM. CODE ANN. Ch. 81 (Vernon Supp. 2007). As such the facts are distinguishable from the case before us.

783 S.W.2d 754, 758 (Tex.App.–Dallas 1990, orig. proceeding). When the acts and punishments are separated, the invalid portions may be severed and the valid portions retained. Id.

In the present case, the trial court separately found Damien in contempt for (1) failing to timely notify Becky of a change in employment, (2) failing to pay attorney's fees as ordered, and (3) failing to pay child support and medical support payments as ordered. The court assessed punishment for the first two violations at 10 days incarceration and for the third at 90 days incarceration suspended for a period of two years. Because the assessment of incarceration for Damien's failure to pay attorney's fees is void, the entire 10 day incarceration sentence is void and will be struck from the judgment. However, as the third violation and punishment is separately assessed, it remains valid and is enforceable. Therefore, we deny Damien's third issue.

Conclusion

For the foregoing reasons, we reform the trial court's January 18, 2008, order by striking the following portion of the order:

> Based upon the finding in paragraphs 1 and 2 above, IT IS ORDERED, ADJUDGED, AND DECREED that the Respondent Damien Michael Wiggs is in contempt of this Court, and that his punishment for such contempt is set at ten (10) days confinement in the Hale County, Texas jail.

As reformed, the order is affirmed.

Mackey K. Hancock
Justice

7