

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-086-CV

IN RE                                                                RELATOR
LINDSEY SCOTT ARMSTRONG

------------
ORIGINAL PROCEEDING
------------

## MEMORANDUM OPINION[1]

------------

On December 11, 2008, the trial court signed an order finding Lindsey Scott Armstrong in contempt of the trial court's October 17, 2008 temporary orders by failing to make the September, October, and November 2008 mortgage payments as ordered. Armstrong was ordered confined in the Denton County Jail for a period of 180 days for each violation, to run concurrently, until he had complied with the provisions of the temporary orders. The December 2008 order suspended the commitment and placed Armstrong on

------------

[1] See Tex. R. App. P. 47.4.

community supervision for three years from the date of the order. As terms and conditions of his community supervision, Armstrong was ordered to

1. Timely pay the mortgage for the residence located at 250 Hilltop Drive, Justin, Texas, until the property is sold or until further order of the Court[;]

2. Pay the September 2008, October 2008, and November 2008 mortgage for the residence located at 250 Hilltop Drive, Justin, Texas in a timely manner[; and]

3. Pay attorney fees as ordered herein.

The December 2008 order also assessed $1,900 in attorney's fees against Armstrong and required him to make monthly payments of $100 towards the attorney's fees.

Real Party in Interest, Cynthia Ann Armstrong, filed a motion to revoke the suspension of commitment on March 2, 2009. In her motion, Cynthia argued that Armstrong had failed to comply with the trial court's December 2008 order by failing to make the September, October, November, and December 2008 and the January and February 2009 mortgage payments in a timely manner. Cynthia also alleged that Armstrong had made only one payment of $19.00 towards the $1,900 in attorney's fees. On March 12, 2009, after a hearing on the matter, the trial court signed an order revoking the suspension of commitment and ordering Armstrong committed to the county jail for 180 days for the failure to make the December 2008 and January and

2

February 2009 mortgage payments and the failure to pay attorney's fees as ordered.

On March 19, 2009, Armstrong filed a petition for writ of habeas corpus seeking release from the Denton County Jail and seeking that the trial court's December 11, 2008 order of enforcement by contempt and suspension of commitment and March 12, 2009 order revoking suspension of commitment and for commitment be declared void. After the petition was filed, this court ordered Armstrong released on a $100 bond pending the outcome of this original proceeding.[2] Armstrong complains he is imprisoned for nonpayment of a debt in violation of the Texas Constitution.[3] We grant habeas corpus relief.

A writ of habeas corpus will issue when a contemnor has not been afforded due process or when a contempt or commitment order is void.[4]

A trial court's order to pay a debt is unenforceable by confinement for criminal contempt because such confinement would amount to imprisonment

---

[2] *See* Tex. R. App. P. 52.8(b)(3).

[3] *See* Tex. Const. art. I, § 18.

[4] *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); *In re Mann*, 162 S.W.3d 429, 432 (Tex. App.—Fort Worth 2005, orig. proceeding).

for debt in violation of article I, section 18 of the Texas Constitution.[5]  In fact, even a willful failure to comply with an order to pay a debt is not contempt punishable by imprisonment.[6]  An order imprisoning a person for failure to pay a debt is therefore void.[7]

Here, the trial court's criminal contempt and commitment orders confining Armstrong for failure to pay the mortgage payments imprison him for failure to pay a debt and are therefore void.[8]  Consequently, we grant Armstrong's requested habeas corpus relief, vacate the two void orders, lift our order of March 19, 2009, and order Armstrong released from bond and discharged from custody immediately.

PER CURIAM

PANEL:  DAUPHINOT, LIVINGSTON, and GARDNER, JJ.

DELIVERED:  August 6, 2009

---

[5] *See* Tex. Const. art. I, § 18; *In re McGonagill*, No. 02-07-00034-CV, 2007 WL 704888, at *3 (Tex. App.—Fort Worth Mar. 5, 2007, orig. proceeding) (mem. op.); *In re Bielefeld*, 143 S.W.3d 924, 927–28 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh'g).

[6] *In re Estrello*, 130 S.W.3d 391, 394 (Tex. App.—Beaumont 2004, orig. proceeding).

[7] *In re Bielefeld*, 143 S.W.3d at 927–28.

[8] *See In re McGonagill*, 2007 WL 704888, at *3; *In re Bielefeld*, 143 S.W.3d at 927–28.