Ex Parte David ROAN, Relator.

No. 05–94–00785–CV.

Court of Appeals of Texas,
Dallas.

Aug. 3, 1994.

Michael R. Cooper, Dallas, for appellant.

Leo Minor, Robert A. Bragalone, Roy L. Stacy, Stephen A. Coke, Dallas, for appellee.

Before BAKER, MALONEY, and MORRIS, JJ.

## OPINION

BAKER, Justice.

This is an original habeas corpus proceeding. The 116th District Court of Dallas County found relator violated the court's turnover order. Among other things, the trial court found relator in contempt for not paying $500 in attorney's fees awarded to the judgment creditors in the turnover order.

The trial court's contempt judgment ordered relator punished by incarceration in the county jail for fifteen days. The court also ordered relator's jail term to continue after the fifteen days until relator paid $10,000 into the trial court's registry for the judgment creditors' benefit.

We hold the Texas Constitution prohibits the trial court from enforcing the attorney's fee award in the turnover order by contempt and incarcerating relator for a definite term of days. We further hold the Texas Constitution prohibits the trial court from conditioning relator's release upon the payment of $10,000 into the trial court's registry for the judgment creditors' benefit. We order relator discharged.

## THE UNDERLYING LITIGATION

In January 1993, the trial court signed an agreed judgment ordering relator and his wife, Jennifer, to pay Leo Minor $75,000 and to pay ATCOD, Inc. $50,000. The relator and his wife did not appeal from this agreed judgment. In September 1993, Minor filed an application for turnover relief. On September 27, 1993, the court signed a turnover order.

### A. The Turnover Order

One provision of the turnover order provided that:

Leo Minor and Associates have and recover costs and attorney's fees pursuant to statute in the amount of $500....

Another provision of the turnover order required relator to turn over property in the form of income received to Minor and AT-COD. Minor and ATCOD received no payments on the judgment. Minor filed a third motion for contempt, which the trial court heard on May 19, 1994. The next day, the trial court signed a contempt judgment. In the contempt judgment, the trial court found that Minor and ATCOD had incurred additional attorney's fees totaling $24,040. The trial court added this amount to the January 1993 judgment. The trial court also found relator contemptuously did not pay Minor $500 in attorney's fees as ordered in the turnover order.

### B. The Contempt Judgment

In the contempt judgment, the trial court stated:

(6) that David Roan is guilty of violation of the court's September 27, 1993 Turnover Order in the following respects:

(d) The court finds that David Roan failed to pay the sum of $500 in attorney's fees to Leo Minor that he was ordered to pay on September 27, 1993.

The court held relator in contempt for violation of the court's turnover order and ordered:

As punishment for such contempt, David Roan shall be incarcerated in the county jail of Dallas County, Texas for the stated definite period of fifteen (15) days, beginning at 5:00 p.m. on Friday, May 20, 1994, and concluding at 5:00 p.m. on Friday, June 3, 1994. The court-ordered jail term shall continue thereafter from day to day, beyond June 3, 1994, until David Roan purges himself of his contempt of court by paying the sum of $10,000.00 into the registry of the court, for the benefit of the judgment creditors.

Relator applied to this Court for writ of habeas corpus. We released relator on bond pending a hearing.

### THE PARTIES' CONTENTIONS

Relator first complains the trial court abused its discretion in holding him in contempt and confining him for fifteen days. Relator claims the order confining him is imprisonment for nonpayment of a debt in violation of the Texas Constitution. Relator also complains the trial court abused its discretion in requiring him to pay $10,000 into the trial court's registry for the judgment creditor's benefit to secure his release from jail. Relator argues the trial court lacked jurisdiction to change its January 1993 judgment by adding more attorney's fees to that judgment. Relator contends the order adding these fees to the judgment is void. Relator concludes the trial court cannot require him to pay these fees to purge himself of contempt.

Minor and ATCOD contend contempt is a proper and lawful method for a trial court to enforce a turnover order. They also argue the trial court's contempt judgment is not imprisonment for debt in violation of the Texas Constitution.

## APPLICABLE LAW

### A. Burden of Proof

An original habeas corpus proceeding is a collateral attack on the contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967) (orig. proceeding). In a habeas corpus proceeding, a relator bears the burden to show the contempt order is void and not merely voidable. *Ex parte Lowery*, 518 S.W.2d 897, 899 (Tex.Civ.App.—Beaumont 1975, orig. proceeding); *Ex parte Holloway*, 490 S.W.2d 624, 626 (Tex.Civ. App.—Dallas 1973, orig. proceeding). A relator must conclusively show his entitlement to the writ. *Ex parte Crawford*, 506 S.W.2d 920, 922 (Tex.Civ.App.—Tyler 1974, orig. proceeding).

### B. Standard of Review

In an original habeas corpus proceeding, we do not weigh the evidence offered at the contempt hearing to determine whether it preponderates against the judgment. *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 186 (1953) (orig. proceeding); *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex.App.—Dallas 1990, orig. proceeding). We accord to the trial court the right to judge the witnesses' credibility and the testimonial weight. *See Ex parte Elmore*, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig. proceeding); *Ex parte Karr*, 663 S.W.2d 534, 538 (Tex.App.—Amarillo 1983, orig. proceeding).

We only determine if the trial court's findings are so completely without evidentiary support that the judgment deprives a relator of liberty without due process of law. *Ex parte Helms*, 259 S.W.2d at 186; *Ex parte Karr*, 663 S.W.2d at 537. In short, we do not review the trial court's exercise of its discretion or the sufficiency of the evidence to support the trial court's action. *Ex parte La Rocca*, 154 Tex. 618, 282 S.W.2d 700, 703 (1955) (orig. proceeding); *Ex parte Hosken*, 480 S.W.2d 18, 20 (Tex.Civ.App.—Beaumont 1972, orig. proceeding).

However, we review the trial court's determination of the legal principles controlling its ruling with less deference than we review factual findings. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding); *Ex parte Hightower*, 877 S.W.2d 17, 20 (Tex.App.—Dallas 1994, orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. A trial court's clear failure to analyze or apply the law correctly is an abuse of discretion. *See Joachim v. Chambers*, 815 S.W.2d 234, 240 (Tex.1991) (orig. proceeding); *NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989) (orig. proceeding); *Ex parte Hightower*, 877 S.W.2d at 20.

### C. Enforcement of Judgments

A trial court has broad discretion in enforcing its judgments. *Greiner v. Jameson*, 865 S.W.2d 493, 498 (Tex.App.—Dallas 1993, writ denied). A trial court may enforce a judgment by using various rules and statutes. One method to enforce a judgment is the entry of a postjudgment turnover of a judgment debtor's property. *See* Tex. R.Civ.P. 621a; Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986). A trial court may award attorney's fees to the judgment creditor. Tex.Civ.Prac. & Rem.Code Ann. § 31.002(e) (Vernon 1986). A trial court also may enforce its judgment through orders of contempt. *See* Tex.Gov't Code Ann. § 21.002 (Vernon 1988); *Ex parte Pryor*, 800 S.W.2d 511, 512 (Tex.1990) (orig. proceeding). A trial court may enforce a turnover order by contempt proceedings. Tex.Civ.Prac. & Rem.Code Ann. § 31.002(c) (Vernon 1986); *see Ex parte Johnson*, 654 S.W.2d 415, 417 (Tex.1983) (orig. proceeding).

### D. Limitations of Court's Power

However, a trial court shall not imprison a person for debt. Tex.Const. art. I, § 18. Our law does not allow collection of attorney's fees by contempt proceedings. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961) (orig. proceeding).

■ If a trial court assesses one punishment for more than one contemptuous act, and one of the acts is not punishable by contempt, the entire judgment is void. *Ex parte Lee,* 704 S.W.2d 15, 17 (Tex.1986) (orig. proceeding); *Ex parte Linder,* 783 S.W.2d 754, 758 (Tex.App.—Dallas 1990, orig. proceeding). Because the whole judgment is void, the judgment illegally restrains the person held under it. *Ex parte Carpenter,* 566 S.W.2d 123, 124 (Tex.Civ.App.—Houston [14th Dist.] 1978, orig. proceeding).

## APPLICATION OF THE LAW TO THE FACTS

■ The trial court found relator guilty of several contemptuous acts, including not paying $500 attorney's fees to Minor as ordered in the turnover order. The trial court then ordered relator to jail for fifteen days for violating the trial court's turnover order.

### A. The Criminal Contempt Order

Part of the contemptuous conduct the trial court found was relator's failure to pay $500 attorney's fees. A party may not collect attorney's fees by contempt proceedings. *Wallace,* 348 S.W.2d at 525–526. The collection of attorney's fees, even if awarded in connection with a turnover order, by contempt proceedings is improper. The trial court, as punishment for the several contemptuous acts it found, ordered relator imprisoned for fifteen days. Because the trial court assessed one punishment for more than one contemptuous act, one of which was not proper, the judgment incarcerating relator for fifteen days is void. *Ex parte Lee,* 704 S.W.2d at 17.

### B. The Coercive Contempt Order

■ The trial court conditioned the coercive contempt upon relator paying $10,000 into the trial court's registry for the judgment creditors' benefit. The $10,000 must either be a fine, a part payment of the money judgment, or part payment of additional attorney's fees added to the original judgment. The $10,000 is not a fine. The judgment orders the payment for the judgment creditors' benefit. Fines do not benefit creditors. If the $10,000 is part payment of the money

judgment, it is void. TEX.CONST. art. I, § 18. If it is a part payment on the additional attorney's fees awarded by the trial court, it is void. *Wallace,* 348 S.W.2d at 525–26.

We order relator discharged.