In re: Delta WIESE.

No. 13–99–268–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 12, 1999.

Roy D. Hunt, Beeville, for relator.

Thomas Forehand, Schneider & McWilliams, George West, for real parties in interest.

Before Justices DORSEY, HINOJOSA, and CHAVEZ.

## OPINION

Opinion by Justice CHAVEZ.

In this original proceeding, relator Delta Wiese applies for a writ of habeas corpus after a contempt and commitment order was issued in connection with a turnover order. In her petition, she presents two grounds for relief. First, she argues the contempt order was void as being unconstitutional, and second, she contends the turnover order was unenforceable by contempt in that it made no provision for the deduction of reasonable and necessary business expenses. Because we hold the contempt order void, we order relator discharged.

### BACKGROUND

Twila West, the real party in interest, obtained a judgment from the justice court against Wiese and her business establishment, "Koozie," for the sum of three thousand dollars. West sought to collect on the judgment by applying for a turnover

order pursuant to section 31.002 of the civil practice and remedies code. Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (Vernon 1997). That statute authorizes a judgment creditor to obtain satisfaction on the judgment if the judgment debtor owns property that (1) cannot be readily attached or levied on by ordinary legal process, and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. *Id.* at § 31.002(a)(1–2). The statute also allows a court to apply nonexempt property towards the satisfaction of the judgment. *Id.* at 31.002(b)(2). The application for the turnover order urged that Wiese d/b/a Koozie and/or Long Branch Saloon had possession and control of alcoholic beverages which could not be readily attached or levied on by ordinary legal processes because the sale of such property was regulated by the Texas Alcoholic Beverage Code.

On March 8, 1999, the justice court issued a turnover order ordering Wiese to

pay into the registry of the Court ... all monies received by her and all checks properly endorsed [sic] by her, received by her for the sale of merchandise from any business in which she has an interest and such to be delivered to the registry of the Court for the benefit of Twila West by 10:00 A.M. on each day the court is opened (Monday through Friday of each week). The first such deposit is due by 10:00 A.M. on March 17, 1999. Such deposit with the Court shall include ALL SUMS received by her for the sale of merchandise on the previous day. All subsequent deposits with the Court shall include ALL SUMS received by her for the sale of merchandise since her previous deposit into the registry of the Court and such deposit into the registry of the Court to continue until the sum of Three Thousand Six Hundred Twenty-seven and No/100 Dollars ($3,627.00) has been deposited in to [sic]

the registry of the Court for the benefit of TWILA WEST.

The amount of money Wiese was ordered to turnover included the three thousand dollar judgment plus attorney fees and court costs. The order made no provisions for excluding any types of expenses or taxes.

After Wiese failed to make payment to the court on March 17 as instructed, West filed a motion the next day asking the court to hold Wiese in contempt for failing to comply with the turnover order. At a show cause hearing on April 27, the court found Wiese in contempt of court for committing thirty separate violations of the turnover order. The court fined her $750.00 and ordered her confined in the county jail for a period of three days for each violation, and thereafter until she purged herself of her contempt by complying with the turnover order.[1] Wiese sought a writ of habeas corpus from this Court and, pending disposition of the case, we released her on bond from the Live Oak County jail.

BANKRUPTCY PROCEEDING

 Before reaching the merits of relator's petition, we must first address this Court's ability to take any further action in this case. After Wiese filed her petition for writ of habeas corpus, but prior to a hearing before this Court, she filed for bankruptcy. Title 11 of the Bankruptcy Code provides that once a bankruptcy petition is filed, an automatic stay is imposed, prohibiting the commencement or continuation of any judicial actions or proceedings against the debtor. 11 U.S.C.A. § 362(a)(1) (1993); *see Howell v. Thompson*, 839 S.W.2d 92 (Tex.1992) (appeals court judgment issued during stay was void). The automatic stay provided by section 362 remains in effect until the bankruptcy proceeding is concluded or the property at issue is no longer in the bank-

---

**1.** The court may enforce the turnover order by contempt proceedings or by other appropriate means in the event of refusal or disobe-

dience. Tex. Civ. Prac. & Rem.Code Ann. § 31.002(c) (Vernon 1997).

ruptcy estate. *See* 11 U.S.C.A. § 362(a)(1), (c) (1993); *Swoboda v. Wilshire Credit Corp.,* 975 S.W.2d 770, 779 (Tex.App.—Corpus Christi 1998, pet. denied). All actions with respect to civil contempt orders are stayed until such time as the automatic stay has been lifted by the bankruptcy court. However, the commencement or continuation of a criminal contempt action is not automatically stayed by filing the bankruptcy petition. *In re Allison,* 182 B.R. 881 (N.D.Ala.1995); *In re Kearns* 168 B.R. 423 (D.Kan.1994); *Stovall v. Stovall,* 126 B.R. 814 (N.D.Ga.1990); *In re Roussin,* 97 B.R. 130 (D.N.H.1989); *Hutchins v. Hutchins,* 954 S.W.2d 249 (Ark.1997).

 Therefore, the distinction relevant to this issue is whether the contempt order issued by the justice court was one for civil or criminal contempt. This distinction does not depend on whether the underlying case is civil or criminal, but on the nature and purpose of the court's punishment. *Ex parte Werblud,* 536 S.W.2d 542, 545–46 (Tex.1976). The object of civil contempt is to coerce the contemnor to comply with some order of the court. *Id.* Imprisonment under a civil contempt order compels future compliance through the use of a provision by which the contemnor may purge the contempt. In contrast, criminal contempt proceedings involve the court's confinement of the contemnor as punishment for a completed affront to the court in order to vindicate the court's authority. *Id.* at 545; *see Ex parte Alloju,* 907 S.W.2d 486, 487 (Tex. 1995) (characterizing civil contempt as coercive incarceration and criminal contempt as punitive incarceration). A contempt order may include both criminal and civil contempt provisions in one order, which is within the trial court's authority. *Ex parte Sanchez,* 703 S.W.2d 955, 957 (Tex. 1986); *Ex parte Durham,* 921 S.W.2d 482, 486 (Tex.App.—Corpus Christi 1996, no writ).

 The order in this case contained both civil and criminal contempt provisions. It provided in relevant part:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that, as punishment for such contempt, the Respondent, DELTA WIESE, be and is fined the sum of $750.00 and ordered placed in the county jail of Live Oak County, Texas for a period of three days for each violation, and thereafter until she purges herself of her contempt by complying with the Turnover Order issued by this Court on March 8, 1999.

In reviewing the order, we determine that the criminal contempt provisions included the $750 fine Wiese was ordered to pay along with three days in jail for each of the thirty violations. The provision, "and thereafter until she purges herself of her contempt," constitutes the coercive or civil contempt portion of the order. Because the automatic stay of the bankruptcy proceeding applies only to the civil contempt provision, we are at liberty to review the merits of relator's writ of habeas corpus related to the criminal contempt.

### THE TURNOVER ORDER

 Relator's third issue contends the turnover order is void and unenforceable by contempt because it makes no provision for reasonable and necessary expenses to be deducted from the business receipts before the receipts and monies are turned over to the court.

In response, West contends we lack jurisdiction to review the turnover order because relator failed to file a motion to modify the turnover order or appeal the turnover order issued by the justice court. She adds that relator's failure to show the turnover order was either void or a deprivation of due process precludes us from taking action with respect to this order. We agree.

 An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder,* 424 S.W.2d

891, 892 (Tex.1967). If the judgment debtor is held in contempt and confinement is ordered, the debtor can petition an appellate court for a writ of habeas corpus. *Ex parte Swate,* 922 S.W.2d 122 (Tex.1996); *Ex parte Prado,* 911 S.W.2d 849 (Tex.App.—Austin 1995, no writ); *Ex parte Roan,* 887 S.W.2d 462 (Tex.App.—Dallas 1994, no writ); *Ex parte Buller,* 834 S.W.2d 622 (Tex.App.—Beaumont 1992, no writ). The relator must conclusively establish his right to relief. *Ex parte Barlow,* 899 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1995, no writ). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex. 1983), or if the contempt order itself is void. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). In order to support a judgment of contempt, Texas law requires that the underlying decree set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him. *Ex parte Chambers,* 898 S.W.2d 257, 260 (Tex.1995); *Ex parte MacCallum* 807 S.W.2d 729, 730 (Tex.1991).

■■■■ Accordingly, our determination of whether the turnover order supported the subsequent contempt order is contingent upon whether the turnover order was merely void or voidable. Voidable orders are readily appealable and must be attacked directly, but void orders may be circumvented by collateral attack or remedied by mandamus. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (original proceeding); *Sanchez v. Hester,* 911 S.W.2d 173, 176 (Tex.App.—Corpus Christi 1995, orig. proceeding [leave denied]). A judgment is void if it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to render the judgment, or no capacity to act as a court. *Mapco,* 795 S.W.2d at 703. All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985).

As discussed, the turnover order required Wiese to pay into the registry of the court "all monies received by her and all checks ... received by her for the sale of merchandise." The merchandise subject to the turnover order was defined as "stock in trade including alcoholic beverages." However, the order failed to make provisions for deducting reasonable and necessary expenses in the operation of her business. For instance, section 183.021 of the tax code imposes a mixed beverage tax. It provides:

> A tax at the rate of 14 percent is imposed on the gross receipts of a permittee received from the sale, preparation, or service of mixed beverages or from the sale, preparation, or service of ice or nonalcoholic beverages that are sold, prepared, or served for the purpose of being mixed with an alcoholic beverage and consumed on the premises of the permittee.

TEX. TAX CODE ANN. § 183.021 (Vernon Supp.1999). A tax return along with the tax payment must be filed with the state comptroller not later than the twentieth day of each month for the preceding month. *Id.* at §§ 183.022, 183.023. Because the terms of the turnover order conflict with Wiese's ability to comply with state law, she would be unable to obey the decree without violating her duty to make payments to the state comptroller. Essentially, a portion of the monies she would be paying into the court's registry would consist of tax dollars that belong to the state.

Another problem with the turnover order is the inherent assumption that Wiese has enough inventory of alcoholic beverages on hand to satisfy the judgment. Without any evidence of the inventory value, and without a provision for replenishing her inventory, the order could be impossible to comply with.

Nevertheless, the fact the turnover order is contrary to a statute or contains

errors only makes the judgment "voidable" and does not give a party the right to circumvent ordinary appellate or other direct procedures to correct it. In this case, relator has failed to directly attack the turnover order, and we are without jurisdiction to grant habeas relief based upon an order that is merely voidable and not void.

### The Contempt Order

By her second issue, relator contends the contempt order is void as being unconstitutional because it is an attempt to collect an ordinary civil judgment debt by contempt proceedings in violation of the Texas Constitution which states, "No person shall ever be imprisoned for debt." TEX. CONST. art. I, § 18.

In this case, relator is not being imprisoned for debt, but rather as punishment for failing to obey an order of the court. However, the contemptuous conduct the justice court found was relator's failure to pay funds into the registry of the court on a daily basis. A portion of these funds necessarily included five hundred dollars in attorney fees that were part of the turnover order. Our law does not allow collection of attorney fees by contempt proceedings. *Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961) (orig.proceeding); *Roan,* 887 S.W.2d at 464–65. If one punishment is assessed for more than one act of contempt, and one act is not punishable by contempt, the entire judgment is void. *Ex parte Davila,* 718 S.W.2d 281, 282 (Tex. 1986); *Ex parte Thompson,* 803 S.W.2d 876, 877–78 (Tex.App.—Corpus Christi 1991, no writ). Because the entire contempt order is void, the order illegally restrains the person held under it. *Roan,* 887 S.W.2d at 465.

Accordingly, we grant Wiese's petition for writ of habeas corpus and order her discharged and her bond released.