Petition for Writ of Habeas Corpus Denied and Opinion filed November 17,
2003









Petition for Writ of Habeas Corpus Denied and Opinion
filed November 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01184-CV

____________

 

IN RE LAN-SHING JIH, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF HABEAS CORPUS

 



 

M E M O R A N D U M  O P I N I O N

On October 27, 2003, relator,
Lan-Shing Jih,
filed a petition for writ of habeas corpus. 
See Tex. Gov=t Code Ann. ' 22.221(d) (Vernon Supp. 2000);  Tex. R. App. P. 52. 
Because we find the trial court improperly held relator
in contempt for failure to pay attorney=s fees, we reform the trial court=s contempt and commitment orders to
strike those portions of the orders that require payment of attorney=s fees.  Because we find no merit in relator=s remaining challenges, we deny the petition for writ of
habeas corpus.








Relator filed for divorce against her
husband, Wen-Hsien Lo, on October 4, 2000.  From April 12, 2001 to December 11, 2002, the
trial judge issued three orders instructing relator
(1) not to withdraw money from the parties= joint accounts without permission
from the court, (2) to pay $15,000 to Lo for discovery costs, and (3) to return
control of several community assets.  On
March 17, 2003, without complying with the above orders, relator
filed a voluntary petition in bankruptcy. 
On July 19, 2003, the bankruptcy court lifted the bankruptcy stay with
regard to the pending divorce action. 
The order noted that distribution of non-exempt assets must be approved
by the bankruptcy trustee.  

On September 2, 2003, the trial court issued a show cause
order directing relator to (1) pay the $15,000 owed
to Lo, (2) return control of community estate assets, (3) return assets,
business accounts and files that belong to Best Services, and (4) deliver sales
proceeds from mortgage notes held by both parties.  The order also enjoined relator
from making withdrawals from the couple=s joint checking accounts.  On October 15, 2003, the trial court found
that relator did not comply with the show cause order
and ordered her committed to the county jail for failure to comply with the
court=s orders and for failure to pay
attorney=s fees of $6275.00.

Relator contends the contempt order
improperly attempts to enforce payment of attorney=s fees through contempt.  The trial court found relator
in contempt for failure to pay $15,000 in discovery costs and $6275.00 in
attorney=s fees.  At a hearing held on December 3, 2002, the
trial court assessed the $15,000 as attorney=s fees. A trial court cannot allow
collection of attorney=s fees by contempt proceedings except in cases where child
support is ordered.  See Ex parte Roan, 887 S.W.2d 462, 464 (Tex. App.CDallas 1994, orig. proceeding); Ex parte
McManus, 589 S.W.2d 790, 792 (Tex. Civ. App.CDallas  1979, orig. proceeding).  Here, no child support was ordered.  Therefore, the portions of the contempt order
that find relator in contempt for failure to pay
attorney=s fees are void.  See Roan, 887 S.W.2d
at 464.

The real parties in interest contend the attorney=s fees assessed are related to
sanctions and costs of preserving the community estate.  Lo contends the attorney=s fees can be assessed in a contempt
order pursuant to Tex. R. Civ. P. 215.2(b)(6).  Rule 215.2(b)(6), however, allows the trial
court to sanction a party by Atreating as a contempt of court the failure to obey any
orders except an order to submit to a physical or mental examination.@ 
Rule 215.2(b)(6) does not allow circumvention
of the constitutional prohibition against imprisonment for debt.  See Tex.
Const. art.
I, '
18.








We find that certain portions of the contempt order are
void.  This court will issue a writ of
habeas corpus if the contempt order is void because it deprives the relator of liberty without due process of law or because it
was beyond the power of the court to issue. 
See Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996).  The void provisions of the order, however, do
not render the entire order void because the sentences are listed separately
and capable of being severed from the valid portions of the order.  When a trial court lists each failure to
comply with an order separately and assesses a separate punishment for each
failure to comply, only the invalid portion of the
contempt order is void and the remainder of the contempt order is enforceable.  See Ex parte Patillo, 32 S.W.3d 907, 910-11 (Tex. App.CCorpus Christi 2000, orig. proceeding).  We find no merit in relator=s remaining issues.

Therefore, we deny relator=s petition for writ of habeas corpus,
but strike the following portions of the contempt order:

1)        Pay the sum of $15,000.00 directly to WEN HSIEN LO at the law
office of John D. Payne P.O. Box 421527, Houston, Texas
77242-1527;

5)        Pay the sum of $6275.00 directly to HEATHER F. HORWITZ,
Attorney at Law, 801 Congress Avenue, Fourth Floor, Houston, Texas 77002[.]

 

 

 

PER CURIAM

 

 

 

 

Petition Denied
and Memorandum Opinion filed November17, 2003.

Panel
consists of Chief Justice Brister and Justices
Anderson and Seymore.