**Affirmed and Opinion Filed August 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00257-CV

## SUN TEC COMPUTER, INC., LIBERTY TECH COMPUTER WORLDWIDE INC., RONNY LUONG, AND WON PAK, Appellants
## V.
## THE RECOVAR GROUP, LLC, TAX DEBT ACQUISITION COMPANY, LLC, DAVID GOOD, AND MICHAEL LAWRENCE, RECEIVER FOR SUN TEC COMPUTER, INC., Appellees

On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. CC-13-00745

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

This is an appeal from a final summary judgment rejecting appellants' request for a declaratory judgment setting aside a receivership sale under a turnover order in another lawsuit. Tax Debt Acquisition Company, LLC (TDAC) purchased an unpaid judgment against Sun Tec Computer, Inc. from the judgment creditor and filed an application for a turnover order and appointment of a receiver. The receiver sold certain causes of action owned by Sun Tec Computer, Inc. against a former officer, David Good, and others, to TDAC. Appellants assert the sale violated the open courts provision of the Texas Constitution and was the result of fraud

because Good is an owner or employee of TDAC. TDAC[1] filed traditional motions for summary judgment on both claims alleging the suit was an impermissible collateral attack on the turnover order and sale. The trial court granted summary judgment and awarded TDAC its reasonable attorney's fees under the declaratory judgment act. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015).

Appellants contend on appeal: (1) this proceeding is not a collateral attack and the receivership sale is void; (2) the trial court erred by denying Sun Tec's request for a continuance; and (3) the summary judgment evidence raises a fact issue regarding the amount of TDAC's reasonable attorney's fees. We conclude this proceeding is a collateral attack on the receivership and turnover order and the order is not void, the trial court did not abuse its discretion by denying Sun Tec's request for a continuance, and there is no genuine issue of material fact as to TDAC's reasonable attorney's fees. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

Litigation regarding Sun Tec and its officers, shareholders, and others has been pending in Tarrant County since 2004. In December 2010, TDAC acquired a 2003 judgment held by Recovar against Sun Tec. On January 17, 2011, TDAC filed an application for a turnover order and appointment of a receiver in the County Court at Law No. 4 of Dallas County (the "Turnover Case"). Sun Tec was served with the turnover application through its registered agent.

The court in the Turnover Case granted a turnover order on April 29, 2011, and appointed a receiver to take possession of all non-exempt property of Sun Tec. The court found that Sun Tec's property included claims filed against third parties in the Tarrant County Case and authorized the receiver to sell the non-exempt assets of Sun Tec and apply the proceeds to the

---

[1] Plaintiffs nonsuited David Good before final judgment was rendered. Recovar was never served with citation and never appeared. Michael Lawrence, as receiver, is only a nominal defendant. Only TDAC filed a brief on appeal.

fees and expenses of the receiver, court costs, and the judgment debt owed to TDAC, and to pay any remaining proceeds to Sun Tec. The turnover order was not appealed.

The receiver's bill of sale recites that a public sale was held on May 23, 2011 and TDAC was the highest bidder. The receiver sold and transferred to TDAC all of Sun Tec's interest in the causes of action asserted by Sun Tec in the Tarrant County Case. A written assignment of Sun Tec's causes of action in the Tarrant County Case was signed and sworn to by the receiver on June 2, 2011. *See* TEX. PROP. CODE ANN. § 12.014 (West 2014). On July 11, 2011, the plaintiffs in the Tarrant County Case, including Good, filed a motion to dismiss Sun Tec's claims in that suit because Sun Tec no longer owned the claims as a result of the receivership sale to TDAC.

Appellants[2] filed this lawsuit on February 8, 2013, seeking a declaratory judgment that the turnover order is void, all actions taken by the receiver are void, the receiver's sale to TDAC is void, and appellant Liberty Tech[3] owns the causes of action. This case was filed in the County Court at Law No. 5 of Dallas County, but later transferred to the County Court at Law No. 4. TDAC filed a traditional motion for summary judgment on June 14, 2013 asserting Sun Tec's suit was an impermissible collateral attack on the turnover order and receiver appointed by the court in the Turnover Case. Sun Tec amended its petition to allege a fraud claim, but sought the same relief of setting aside the receivership sale and the turnover order. Sun Tec also filed a response to the motion and a motion for continuance in order to conduct discovery. The trial court granted TDAC's motion for summary judgment and denied Sun Tec's motion for continuance. TDAC filed a second motion for summary judgment on Sun Tec's remaining

---

[2] For simplicity, we refer to appellants collectively as Sun Tec.

[3] Apparently, Sun Tec filed for bankruptcy in 2012 after the receivership sale. Appellants alleged Liberty Tech bought all assets of Sun Tec, including any causes of action owned by the Trustee, from the bankruptcy estate. Appellants also alleged there is no ongoing stay related to the bankruptcy.

claims and requested an award of attorney's fees under the declaratory judgment act. Sun Tec again moved for a continuance, filed a second amended petition adding Good as a defendant, and filed a response to the motion for summary judgment. The trial court granted TDAC's second motion for summary judgment and denied Sun Tec's motion for continuance. After Sun Tec nonsuited Good, the trial court rendered final judgment against Sun Tec on all of its claims and awarded TDAC reasonable and necessary attorney's fees.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## ANALYSIS

### A. Collateral Attack

A judgment of a court of general jurisdiction is not subject to collateral attack in a court of equal jurisdiction unless the judgment is void. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam) (orig. proceeding). A judgment is void only if the court had no jurisdiction over the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Id.* All other errors make the judgment merely voidable, and may only be corrected through a direct attack. *Id.* "A direct attack is a proceeding instituted for the purpose of correcting the earlier judgment. It may be brought in the

court rendering the judgment or in another court that is authorized to review the judgment on appeal or by writ of error." *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973). A direct attack can be in the form of a motion for new trial, appeal, or bill of review. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012).[4]

A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Collateral attacks on final judgments are generally disallowed because of the strong policy of the law to give finality to the judgments of courts. *Id.* at 345. "A collateral attack runs counter to this strong policy of finality because a collateral attack attempts to bypass the appellate process in challenging the integrity of a judgment." *Id.* In a collateral attack, we presume the validity of the judgment under attack. *Ramsey v. Ramsey*, 19 S.W.3d 548, 552 (Tex. App.—Austin 2000, no pet.). Extrinsic evidence may not be used to establish a lack of jurisdiction in a collateral attack on a judgment. *Holloway v. Starnes*, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992, writ denied).

Sun Tec argues it is challenging only the sale by the receiver, not the turnover order or appointment of the receiver. However, Sun Tec's pleadings are not so limited. Sun Tec expressly pleaded for a declaratory judgment that the turnover order, the appointment of the receiver, and the sale to TDAC are void. But even if Sun Tec's pleadings were limited to the receiver's sale, they would still be a collateral attack on the sale and the turnover order authorizing the sale. The turnover order and receiver's sale to TDAC stand as a bar to Sun Tec's attempt to assert the causes of action in the Tarrant County Case. Thus, this declaratory judgment action is a collateral

---

[4] A turnover order is a final, appealable judgment. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam). Thus, it is subject to a direct attack by the methods identified. *See PNS Stores*, 379 S.W.3d at 275.

attack on the turnover order and the receiver's sale pursuant to that order.

Sun Tec relies on *Scheel v. Alfaro*, 406 S.W.3d 216 (Tex. App.—San Antonio 2013, pet. denied), but that case involved a direct attack on the receiver's sale of property. In *Scheel*, a motion to set aside the sale was filed more than thirty days after the turnover order was rendered. *Id.* at 221. The appellees argued the trial court lacked jurisdiction to set aside the receiver's sale because the motion to set aside was not timely. *Id.* at 222. The court concluded that because the trial court had not confirmed the receiver's sale when the motion to set aside the sale was filed, the trial court had jurisdiction to consider the motion even after the trial court lost plenary power over the turnover order. *Id.*

Unlike *Scheel*, this is not an appeal from a ruling on a motion to set aside filed in the Turnover Case. This case is a new proceeding seeking to attack the turnover order and receiver's sale in the previous Turnover Case. We conclude this is a collateral attack, not a direct attack as in *Scheel*.

Because this case is a collateral attack, it can only succeed if the turnover order and receiver's sale are void. *See Browning*, 698 S.W.2d at 363; *see also Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) ("The decree must be void, not voidable, for a collateral attack to be permitted."). The supreme court has repeatedly held that a judgment is void "only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam) (orig. proceeding); *accord Prostok*, 165 S.W.3d at 346; *Browning*, 698 S.W.2d at 363; *Austin Indep. Sch. Dist.*, 495 S.W.2d at 881. All other errors render the judgment merely voidable, and such errors must be corrected on direct attack. *Browning*, 698 S.W.2d at 363.

Sun Tec does not argue the court in the Turnover Case lacked jurisdiction over the

parties, the subject matter, or to render a turnover order. Nor does Sun Tec contend that court lacked the capacity to act as a court. Instead, Sun Tec argues that a turnover order may not be used to transfer a cause of action if the result would extinguish the cause of action, citing *Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304 (Tex. App.—Dallas 1992, no writ).

*Criswell* was a direct appeal from a turnover order that required the judgment debtor, Criswell, to turn his cause of action against R.M. Ginsberg over to the judgment creditor, Ginsberg & Foreman, a partnership including R.M. Ginsberg. *Id.* at 305. This Court concluded that Ginsberg, through the partnership, was using the turnover statute to extinguish a cause of action against himself. *Id.* at 306. The Court held the turnover statute was unconstitutional as applied to Criswell under the open courts doctrine. *Id.* at 307; *see* TEX. CONST. art. I, section 13. However, nothing in the decision indicated the turnover order was void or that the trial court lacked jurisdiction to render the order. *See Criswell*, 843 S.W.2d at 306–07.

Without citation to authority, Sun Tec asserts that any action violating the Texas Constitution is void, and not merely voidable. The supreme court has rejected this general proposition. A judgment issued in violation of the constitution is not void if the court had jurisdiction. *See Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 556 (Tex. 2006) ("In *Mapco, Inc. v. Forrest*, we rejected a general rule that appellate judgments issued in violation of the constitution are void."); *Mapco, Inc.*, 795 S.W.2d at 703 ("Absent one of those rare circumstances that makes the judgment 'void,' the mere fact that an action by a court of appeals is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it 'voidable' or erroneous."). Thus, even if the turnover order and receiver's sale violated the open courts provision, a question we need not decide in this case, the order and sale would not be void, but only voidable.

Sun Tec also relies on an unpublished opinion from another court of appeals to argue the

receiver's sale is void. *See Vitale v. Keim*, No. 01-95-00401-CV, 1997 WL 549186, at *2 (Tex. App.—Houston [1st Dist.] Aug. 29, 1997, pet. denied) (not designated for publication).[5] However, *Vitale* did not involve the turnover of a cause of action to the defendant of that action. *Vitale* was an appeal from a summary judgment granted in favor of the lawyers in a legal malpractice suit. *Id.* at *3. The lawyers moved to dismiss the appeal arguing Vitale no longer had standing because a turnover order in another case automatically assigned the cause of action to a receiver for the benefit of a judgment creditor, National. *Id.* *4. Vitale's malpractice suit alleged his lawyers' negligence resulted in National's claim being exempted from Vitale's discharge in bankruptcy. *Id.* at *2. National obtained a turnover order appointing a receiver and requiring Vitale to assign his malpractice cause of action to the receiver. *Id.* at *5. Vitale later settled with National and never assigned the claim to the receiver. *Id.* The court of appeals held the alleged automatic assignment of a legal malpractice claim to a receiver violated public policy and did not prevent Vitale from appealing the summary judgment in the malpractice case. *Id.* at *6. This case does not involve the assignment of a legal malpractice claim and the decision in *Vitale* is not on point.

Sun Tec further argues the receiver's sale was for an inadequate price and tainted by TDAC's alleged fraud in failing to disclose that Good was an owner or employee of TDAC. However, even if Sun Tec's challenge to the sale has merit, it must be raised in a direct attack, not this collateral proceeding. *See Browning*, 698 S.W.2d at 363; *Davis v. West*, 317 S.W.3d 301, 309–10 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("the fact that the turnover order is contrary to a statute or contains errors only makes the judgment 'voidable' and does not give a party the right to circumvent ordinary appellate or other direct procedures to correct it") (quoting

---

[5] Unpublished opinions before 2003 have no precedential value. *See* TEX. R. APP. P. 47.7(b). Further, we are not bound by the decision of another court of appeals. *Satterfield v. Crown Cork & Seal Co., Inc.*, 268 S.W.3d 190, 206 n.17 (Tex. App.—Austin 2008, no pet.).

*In re Wiese*, 1 S.W.3d 246, 250–51 (Tex. App.—Corpus Christi 1999, orig. proceeding)).

We conclude this is a collateral attack[6] on the turnover order and receiver's sale and that the order and sale are not void. We overrule Sun Tec's first, second, and third issues.

## B. Continuance

We review a trial court's decision to grant or deny a motion for continuance of a summary judgment hearing for an abuse of discretion. *See Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 696 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In considering whether the trial court abused its discretion, we consider such factors as the length of time the case had been on file before the hearing, the materiality of the discovery sought, whether the party seeking the continuance exercised due diligence in obtaining the discovery, and what the party expected to prove. *Cooper*, 254 S.W.3d at 696. "[G]enerally, it is not an abuse of discretion to deny a motion for continuance when the party has received the twenty-one days' notice required by rule 166a(c)." *Id.* at 697.

Sun Tec sought Good's deposition and production of documents regarding several matters, including Good's knowledge of the facts about Sun Tec, Recovar, an asset purchase agreement between Sun Tec and IVEX, the alleged conversion of Sun Tec's accounts receivable by IVEX and others, and partial payments on the Recovar judgment. Sun Tec sought to discover that Good is an owner of TDAC and, through his knowledge, TDAC knew when it obtained the turnover order of the payments on the Recovar judgment and that Sun Tec's claim for conversion

---

[6] In a post-submission letter, appellants argue they filed a motion to consolidate this lawsuit with the Turnover Case, but, as they admit, the trial court never ruled on the motion. Merely filing a motion does not preserve an complaint for appeal. The trial court must rule on the motion or, if the trial court refuses to rule, the appellant must object to the trial court's refusal. *See* TEX. R. APP. P. 33.1(a)(2). Further, appellants did not raise an issue about this motion in their brief. *See* TEX. R. APP. P. 38.1(f). Despite appellants' motion, this suit is a collateral attack on the orders in the Turnover Case.

of its accounts receivable was worth more than $700,000.

The discovery sought by appellants is not material because this suit remains a collateral attack and extrinsic evidence cannot be used to show the turnover order is void. *See Holloway*, 840 S.W.2d at 18. Because the discovery could not change the character of this proceeding as a collateral attack, the trial court did not abuse its discretion by denying the continuance. *See Cooper*, 254 S.W.3d at 696. We overrule appellants' third issue.

## C. Attorney's Fees

Although not listed in their statement of issues on appeal, appellants argue in a single paragraph of their brief that the amount of TDAC's reasonable attorneys' fees was controverted. Because the argument is not properly raised in the issues presented in appellants' brief, we need not consider it. *See* TEX. R. APP. P. 38.1(f); *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."). However, because TDAC responds to the argument, we briefly consider it.

A trial court in a declaratory judgment proceeding may award reasonable and necessary attorney's fees "as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. The court may determine the amount of reasonable and necessary attorney's fees on a motion for summary judgment where the evidence is clear, direct, positive, uncontradicted, and free from inaccuracies and "circumstances tending to cause suspicion." *See* TEX. R. CIV. P. 166a(c); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam). If an attorney's affidavit regarding fees is properly controverted by an opposing attorney, a fact issue is raised on reasonableness and summary judgment is precluded. *Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 894 (Tex. App.—Texarkana 2009, pet. denied). To constitute a proper controverting summary judgment affidavit on the issue of attorney's fees, the affidavit

must be made by an attorney and on personal knowledge, set forth facts which would be admissible in evidence, and show the affiant's competence. *Id.*; *Quener Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ).

TDAC filed the affidavit of its attorney detailing the work performed by attorneys and a paralegal on this matter, the time spent on that work, and the rates charged for that work. The attorney testified the fees were reasonable and necessary based on the factors listed in rule 1.04 of the rules professional conduct. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

Sun Tec's attorney stated in his affidavit that he was familiar with the factual and legal disputes involved in this case and in his opinion the amount of attorney's fees sought by TDAC was "exceptionally and outrageously high, overstated, and unreasonable." The attorney stated that it is "totally inconceivable" that the attorneys spent the amount of time claimed for work done solely in this case. The attorney also stated the total time spent by his firm "has been far less for this case alone than now being claimed by Defendant's counsel." These conclusory statements do not address what work claimed by TDAC was unnecessary or unreasonable, why the time expended was excessive to accomplish the work provided, or that the rates charged were unreasonable for the work. *See Cammack*, 296 S.W.3d at 895. Thus, even if the issue were properly raised, Sun Tec's affidavit on attorney's fees did not sufficiently controvert TDAC's attorney's affidavit and did not raise a genuine issue of material fact. We reject Sun Tec's argument.

## CONCLUSION

This proceeding is a collateral attack on the turnover order rendered by the court in the Turnover Case and the sale by the receiver appointed by that order. Because the order and sale are not void, the collateral attack fails. We conclude the trial court did not abuse its discretion by

denying appellants' motions for continuance and that there is no fact issue regarding that amount of attorney's fees awarded to TDAC.  Accordingly, we affirm the trial court's judgment.


/Craig Stoddart/
CRAIG STODDART
JUSTICE

140257F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUN TEC COMPUTER, INC., LIBERTY
TECH COMPUTER WORLDWIDE INC.,
RONNY LUONG, AND WON PAK,
Appellants

No. 05-14-00257-CV     V.

THE RECOVAR GROUP, LLC, TAX
DEBT ACQUISITION COMPANY, LLC,
DAVID GOOD, AND MICHAEL
LAWRENCE, RECEIVER FOR SUN TEC
COMPUTER, INC., Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-13-00745.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees THE RECOVAR GROUP, LLC, TAX DEBT
ACQUISITION COMPANY, LLC, DAVID GOOD, AND MICHAEL LAWRENCE,
RECEIVER FOR SUN TEC COMPUTER, INC. recover their costs of this appeal from
appellants SUN TEC COMPUTER, INC., LIBERTY TECH COMPUTER WORLDWIDE INC.,
RONNY LUONG, AND WON PAK.

Judgment entered this 31st day of August, 2015.