**Affirmed and Memorandum Opinion filed April 2, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00473-CV

## SGG, LLC; STORM GUARDIAN GENERATORS, LP; AND RONNIE BOEGLER II, Appellants

## V.

## JARED PORCHE, Appellee

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 77007-CV**

## MEMORANDUM OPINION

Appellants, SGG, LLC, Storm Guardian Generators, LP, and Ronnie Boegler II, appeal from a final judgment signed following a jury trial. Appellants' sole argument on appeal argues the trial court's judgment is void and must be vacated because the trial court did not have subject-matter jurisdiction over appellee Jared Porche's causes of action. Because we conclude that the trial court had subject-matter jurisdiction, we overrule appellants' issue and affirm the trial

court's judgment.

## BACKGROUND

This appeal is the culmination of a long-running dispute between the parties. Because appellants do not challenge the sufficiency of the evidence supporting the trial court's judgment, we include only the background facts necessary to understand appellants' arguments and to apprise the parties of our decision and the reasons for that decision.

In 2011, appellants obtained a $76,000 judgment (underlying judgment) against Porche for attorneys' fees incurred in a lawsuit initiated by Porche. As part of their effort to collect on the underlying judgment, appellants obtained a turnover order requiring Porche to turn over to them his 33.9 percent partnership interest in Storm Guardian Generators in partial satisfaction of the underlying judgment. The 2012 turnover order does not include a determination of the value of Porche's 33.9 percent interest. The order also awarded $1,500 in attorneys' fees to appellants. The trial court's plenary power over the underlying judgment had expired by the time it signed the turnover order. *See* Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000).

In 2014, Porche filed a lawsuit against appellants in district court asserting several causes of action, all related to the underlying judgment and subsequent turnover order. Porche alleged the following claims: (1) a request for a valuation of his former partnership interest in Storm Guardians Generators; (2) a request for reimbursement of any overpayment that may have occurred on the underlying judgment as a result of the turnover of his former partnership interest; (3) constructive fraud as a result of appellants not returning the excess left after the underlying judgment was paid; (4) breach of fiduciary duty as a result of appellants not returning the excess payment left after the underlying judgment was paid; (5)

2

strict liability for loss of custodial property; (6) a suit for an accounting; (7) a request to set aside fraudulent transfers; and (8) a request to set aside the turnover order.

Appellants filed an answer to the lawsuit in which they pled res judicata and collateral estoppel as affirmative defenses. Their answer also included a plea to the jurisdiction asserting that the trial court did not have subject-matter jurisdiction because the alleged errors in the turnover order at issue in Porche's lawsuit should have been corrected on a direct appeal from the trial court's entry of the order. Appellants also included their plea to the jurisdiction in a no-evidence motion for summary judgment, which the trial court denied.

The case was eventually submitted to a jury. The jury was asked to determine the fair market value of a 33.9 percent interest in Storm Guardian Generators on a specified date.[1] The jury answered $123,000. The trial court then awarded $45,500 to Porche. This appeal followed.

## ANALYSIS

Appellants raise a single issue on appeal arguing that the trial court did not have subject-matter jurisdiction over the claims Porche alleged in his lawsuit. In appellants' view, Porche's lawsuit challenges the "evidentiary underpinnings" of the turnover order, constitutes a collateral attack on the turnover order, and his complaints should have been addressed through a direct appeal. Appellants continue that because Porche did not appeal the turnover order, the trial court was without subject-matter jurisdiction to grant the relief Porche requested in his lawsuit.

Subject-matter jurisdiction concerns a court's "authority to adjudicate the

---

[1] The jury charge is not included in the appellate record. The trial court's final judgment quotes "Question No. 1" of the charge.

type of controversy involved in the action." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74–75 (Tex. 2000). "A judgment rendered without subject-matter jurisdiction is void and subject to collateral attack." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). The right of a plaintiff to maintain a suit on the other hand, concerns the right of the plaintiff to the relief he seeks, but it does not concern the jurisdiction of the court to afford the relief sought. *Dubai Petroleum Co.*, 12 S.W.3d at 76–77. Whether subject-matter jurisdiction exists is a question of law that we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

Texas district courts are courts of general jurisdiction. *Dubai Petrol. Co.*, 12 S.W.3d at 75. A district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, and original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8; *see also* Tex. Gov't Code § 24.007 (granting jurisdiction to district courts as provided in article V, section 8 of Texas Constitution). A district court may hear any case "that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." Tex. Gov't Code § 24.008. Courts of general jurisdiction are presumed to have subject-matter jurisdiction unless lawmakers mandate they be heard elsewhere. *Dubai Petroleum Co.*, 12 S.W.3d at 75; *see Sumner v. Bd. of Adjustment of the City of Spring Valley Village*, No. 14-15-00149-CV, 2016 WL 2935881, at *8 (Tex. App.—Houston [14th Dist.] May 17, 2016, pet. denied) (mem. op.) ("Although district courts typically are courts of general jurisdiction, the Legislature has vested exclusive jurisdiction over inverse condemnation claims in the Harris County Courts at Law.").

We begin with Porche's causes of action asserted in his lawsuit, which are set out above. *See Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (when deciding a plea to the jurisdiction, we consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry). We conclude that each of these claims fit within the general jurisdiction of Texas district courts. Tex. Gov't Code §§ 24.007; 24.008. Appellants have not pointed out any statute or constitutional provision that has assigned exclusive jurisdiction to hear any of Porche's causes of action to another court or a state agency. *Dubai Petroleum Co.*, 12 S.W.3d at 75 (stating there is a presumption that courts of general jurisdiction "have subject matter jurisdiction unless a showing can be made to the contrary"). As a result, we conclude that they have not shown the trial court lacked subject-matter jurisdiction over Porche's claims. *See Partain v. Maples*, 438 S.W.3d 69, 73 (Tex. App.—Corpus Christi 2013, no pet.) (holding judgment debtor could not use turnover order issued outside trial court's plenary power to obtain reimbursement for overpayment of underlying judgment but was instead "required to seek reimbursement for the overpayment on the judgment in a separate suit."); *Woody K. Lesikar Special Trust v. Moon*, No. 14-10-00119-CV, 2011 WL 3447491, at *6 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, pet. denied) (stating that merits of a reimbursement claim are not the proper subject of a turnover proceeding).

The caselaw appellants cite does not change this result. Appellants primarily rely on two cases in support of their argument that Porche's lawsuit is a prohibited collateral attack on the trial court's turnover order. In the first case, *In re Wiese*, the relator sought a writ of habeas corpus in connection with a contempt order signed after she failed to comply with a turnover order requiring her to turn over all sums received from the sale of merchandise in any of her businesses until

the underlying debt was paid. 1 S.W.3d 246, 248 (Tex. App.—Corpus Christi 1999, orig. proceeding). The relator argued the turnover over was void and unenforceable by contempt because it did not allow for the deduction of reasonable and necessary expenses before her business receipts were turned over to the court. *Id.* at 249. The court of appeals rejected this argument stating that "the fact the turnover order is contrary to a statute or contains errors only makes the judgment 'voidable' and does not give a party the right to circumvent ordinary appellate or other direct procedures to correct it." *Id.* at 250–51. The court then concluded that because the "relator has failed to directly attack the turnover order," it was "without jurisdiction to grant habeas relief based upon an order that is merely voidable and not void." *Id.*

In the second case, *Davis v. West*, 317 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2009, no pet.), Davis challenged the "validity of a turnover order." She argued that the turnover order was invalid due to evidentiary deficiencies in the proof supporting the order and also because the order did "not specify the dollar amount of the underlying judgment." *Id.* at 309. The court of appeals construed Davis's arguments "as a collateral attack on the turnover order." *Id.* The court then held that

> even if the turnover order in this case failed to include the amount of the underlying judgment to be satisfied, required Davis to turnover exempt property or contained other requirements in contravention of the turnover statute, the order would be voidable —not void—and it must therefore have been the subject of a direct attack. Davis cannot use these alleged deficiencies to defeat [the receiver's] derived judicial immunity or to hold [the receiver] or the Bank liable for actions taken in reliance upon the turnover order when she failed to timely prosecute a direct appeal of the turnover order or seek injunctive or mandamus relief prohibiting the execution of the turnover order.

*Id.* at 310 (internal citation omitted).

6

We conclude that both cases cited by appellants are distinguishable because Porche's lawsuit is not a collateral attack on the turnover order. Unlike the relator in *In re in Wiese* and the judgment debtor in *Davis*, Porche did not argue that the turnover order was void. Porche also did not challenge the amount of the underlying judgment. *See Lesikar v. Rappeport*, 104 S.W.3d 310, 315 (Tex. App.—Texarkana 2002, pet. denied) ("Any attempt by the Lesikars now to claim an enlarged ownership interest in those funds would constitute a redetermination of matters that were actually litigated in the underlying lawsuit."). Porche instead sought, through a separate lawsuit, a valuation of his partnership interest and a reimbursement of any overpayment that may have occurred as a result of the turnover order. The trial court had subject matter jurisdiction to hear and adjudicate that controversy. *See id.* at 316 ("Therefore, while Rappeport is entitled to a turnover order in this case, the Lesikars should not have been precluded by the trial court from seeking relief elsewhere for any reimbursement claim based on an alleged overpayment of the Money Judgment.").

Rather than challenging the trial court's subject-matter jurisdiction, we conclude appellants' complaints on appeal instead attack Porche's right to the relief he sought through his lawsuit. *See Dubai Petroleum Co.*, 12 S.W.3d at 76–77 ("Thus, while defendants in this Court and the Kazis in the court of appeals framed their argument in terms of whether the district court did or did not have subject-matter jurisdiction, we consider those arguments in the context of whether the Kazis established their right under the statute to go forward with this suit. The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.") (internal quotation marks omitted). Appellants recognized this when they alleged Porche's claims

were barred by the doctrines of res judicata and collateral estoppel. For res judicata to apply, a party must establish the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue it previously litigated unsuccessfully. *Calabrian Corp. v. Alliance Specialty Chems., Inc.*, 418 S.W.3d 154, 158 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Both res judicata and collateral estoppel are affirmative defenses and the party asserting them has the burden of pleading and proving them. While both doctrines may prevent a particular plaintiff from recovering on a specific cause of action, neither impacts a trial court's subject-matter jurisdiction. *See Zermeno v. Garcia*, No. 14-17-00843-CV, 2019 WL 2063090, at *3 (Tex. App.—Houston [14th Dist.] May 9, 2019, pet. denied) (mem. op.) ("In an apparent effort to avoid the error-preservation requirements of Rule 33.1, Gloria's first argument regarding subject-matter jurisdiction conflates the defenses of release or res judicata with the separate and distinct concept of subject-matter jurisdiction."); *Mestiza v. De Leon*, 8 S.W.3d 770, 773 (Tex. App.—Corpus Christi 1999, no pet.) ("Res judicata and collateral estoppel are affirmative defenses under Texas Rule of Civil Procedure 94 and should be treated as a plea in bar, rather than as a plea in abatement or a plea to the jurisdiction."). Because appellants have not shown that the trial court lacked subject-matter jurisdiction, we overrule their single issue on appeal.

8

**CONCLUSION**

Having overruled appellants' sole issue on appeal, we affirm the trial court's judgment.

/s/     Jerry Zimmerer
         Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer.